**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1722
_____

HITHAM ABUHOURAN,
                                               Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-02465)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2010

Before:  FUENTES, GREENAWAY, JR.,  AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 20, 2010)

_____

OPINION
_____

PER CURIAM

        Appellant Hitham Abuhouran, proceeding pro se, appeals from the judgment of the

District Court granting Appellee's motion for summary judgment.  For the reasons that

follow, we will affirm.

Abuhouran is a federal inmate currently incarcerated at the Federal Correctional Center ("FCI") in Fort Dix, New Jersey. He was sentenced to 188 months imprisonment in August 1997 and was initially placed at FCI-Fairton in New Jersey. He was then transferred to various different federal prisons: FCI-Allenwood in Pennsylvania in June 1999, FCI-Elkton in Ohio in August 2001, the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania, in July 2002, and then back to FCI-Elkton in March 2004.

On October 17, 2006, Abuhouran filed a complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), in the United States District Court for the Northern District of Ohio, alleging that he was negligently exposed to environmental tobacco smoke ("ETS") while incarcerated at FDC-Philadelphia and FCI-Elkton. See Abuhouran v. United States, Civ. No. 06-cv-02505 (N.D. Ohio).[1] The Court dismissed the claims against the Ohio officials under res judicata based on its decision in Abuhouran v. Morrison, Civ. No. 06-cv-01207 (N.D. Ohio Aug. 10, 2006). With one exception, the

_____

[1]The facts in this complaint mirrored one he had previously filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that his Eighth Amendment rights were violated by ETS exposure. Abuhouran's Bivens action was filed on March 24, 2006 in the United States District Court for the District of Columbia. See Abuhouran v. Morrison, Civ. No. 06-00560 (D.D.C.) The complaint was transferred to the United States District Court for the Northern District of Ohio, which dismissed his claims against FCI-Elkton as time-barred and for failure to state a claim under the Eighth Amendment. See Abuhouran v. Morrison, Civ. No. 06-01207 (N.D. Ohio Aug. 10, 2006). Abuhouran's remaining Eighth Amendment claims against FDC-Philadelphia were transferred to the Eastern District of Pennsylvania where Abuhouran amended his complaint to add other causes of action which remain pending in the District Court at this time. See Civ. No. 07-cv-05513 (E.D. Pa.).

Court dismissed the claims against FDC-Philadelphia based on Abuhouran's failure to exhaust his administrative remedies. The Court concluded that the only FTCA claim Abuhouran had properly exhausted was that the ventilation system at FDC-Philadelphia was inadequate to protect him from secondhand smoke. (S.A. 30-31.) Abuhouran filed a notice of appeal which the Sixth Circuit dismissed since the underlying action was not yet final. See C.A. No. 07-3389 (6th Cir. May 3, 2007). The Northern District of Ohio then transferred this case to the Eastern District of Pennsylvania.

Following transfer, the parties conducted discovery.[2] In February 2008, the United States moved for summary judgment, arguing that it was undisputed that the ventilation system at FDC-Philadelphia was adequate and, therefore, Abuhouran could not prevail on his one remaining claim. The United States also maintained that Abuhouran's own deposition testimony confirmed that he never had an asthma attack while incarcerated at FDC-Philadelphia, that he did not recall ever seeking treatment specifically for respiratory problems during that time, and that, at the time of his deposition, he suffered from no respiratory illness. (S.A. 39-40.) Abuhouran opposed the Government's motion, arguing that the United States had tampered with his medical records from FDC-Philadelphia and that they had failed to demonstrate through further affidavits that the

---

[2]After the close of discovery, Abuhouran sought leave to amend his complaint to add those claims from his Bivens action to the present action. The District Court denied the motion, noting that discovery had already closed and that Abuhouran would not be prejudiced by the denial as he could still pursue his claims in the parallel proceeding still pending in the District Court.

HVAC system was sufficiently capable of operating with the addition of cigarette smoke. Abuhouran also invoked Federal Rule of Civil Procedure 56(f),[3] claiming that summary judgment was not appropriate because he had been unable to take the deposition of his own expert witness or any of the defense witnesses due to financial constraints and the fact that the Court had not granted any of his motions for the appointment of counsel. Arguing that there remained genuine material issues of fact as to his medical condition and the treatment he sought during his incarceration, Abuhouran renewed his request for appointment of counsel and asked that the Government's motion be denied.

In October 2008, the District Court denied the Government's motion for summary judgment, asking it to address whether Abuhouran had properly exhausted his claims. The Government thereafter filed a renewed motion for summary judgment, explaining that while certain claims Abuhouran has sought to raise in this and other lawsuits before the Court are unexhausted, the FTCA claim regarding the adequacy of the ventilation system at FDC-Philadelphia was in fact exhausted. Abuhouran again opposed the motion, again invoking Rule 56(f) and arguing that he had not yet been able to depose his

---

[3]Rule 56(f) of the Federal Rules of Civil Procedures provides:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>   (1) deny the motion;
>   (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>   (3) issue any other just order.

own expert witnesses. He stated: "the plaintiff's inability to take depositions from his own expert witnesses and the defendant's own witnesses has become clear and obvious to this court. Expert witness testimony will be critical to the plaintiff's case, as well the depositions of various other parties the plaintiff's medical treatment who have been heretofore unavailable to the plaintiff due to his incarceration at FCI, Fort Dix, NJ." (Dkt. No. #51, 12.) He spoke generally of "expert testimony" but did not identify any actual expert witnesses he would rely on at trial nor did he provide affidavits from them. He also argued that the affidavit offered by the Government regarding the ventilation system at FDC-Philadelphia was insufficient as the person who prepared it was not a qualified environmental engineer or mechanical architect.

The District Court entered summary judgment in favor of Appellee, concluding that Abuhouran had failed to present either medical evidence or expert witnesses to establish a causal connection between his exposure to ETS and his alleged injury, nor did he point to sufficient evidence to demonstrate an actual injury at the time of filing. Additionally, the Court found that Abuhouran provided no evidence that the ventilation system at FDC-Philadelphia was inadequate or that, as a result of the inadequacy, he was exposed unreasonably to ETS. The Court also denied Abuhouran's renewed request for the appointment of counsel. Abuhouran then appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's entry of summary judgment, viewing the

5

underlying facts and all reasonable inferences therefrom in the light most favorable to Abuhouran, the non-moving party. See Norfolk S. Ry. v. Basell USA Inc., 512 F.3d 86, 91 (3d Cir. 2008). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). We can affirm the judgment of the District Court on any basis supported by the record. See Brown v. Pa. Dep't of Health Emergency Med. Servs., 318 F.3d 473, 475 n.1 (3d Cir. 2003). We review the denial of a motion for the appointment of counsel for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

Abuhouran raises the following issues on appeal: (1) the denial of his motions for the appointment of counsel; (2) the District Court's failure to deny the Government's motion for summary judgment despite his requests under Rule 56(f); and (3) the District Court's analysis of his alleged injury.[4]

Abuhouran has not demonstrated that the District Court abused its discretion in denying his repeated requests for the appointment of counsel. While we agree that Abuhouran faced certain hardships in prosecuting this lawsuit that litigants who are not incarcerated or proceeding in forma pauperis might not, the mere fact that a litigant is

_____

[4]In addition, Abuhouran also addresses the question we asked the parties to brief on appeal: "whether the discretionary function exception shields the government from liability with respect to Abuhouran's claim of ETS exposure, or whether the government has waived immunity based on how FDC-Philadelphia endorsed the non-smoking policy. See United States v. Gaubert, 499 U.S. 315, 322-24 (1991); Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000)." Because we conclude that the resolution of this question is unnecessary to our review of the District Court's entry of summary judgment, we do not address Abuhouran's argument at the present time.

indigent or imprisoned does not entitle him to the appointment of counsel under 28 U.S.C. § 1915(e)(1). See Tabron, 6 F.3d at 155-56 (setting forth list of factors court should consider in deciding whether to exercise its discretion to appoint counsel). The District Court denied Abuhouran's motions for appointment of counsel without prejudice to him renewing them as the litigation progressed. Abuhouran avers that he understood this to mean that counsel would be appointed in the future. However, the District Court made no such promise. The District Court denied Abuhouran's motions primarily on the basis that his claim lacked merit. In Tabron, we emphasized that "the district court must consider as a threshold matter the merits of plaintiff's claim." See id. at 155. Because we agree with the District Court that Abuhouran's claim did, in fact, lack merit, we cannot conclude that its denial of Abuhouran's requests for the appointment of counsel constituted an abuse of discretion.

Next, Abuhouran argues that the District Court erred in granting the Government's motion for summary judgment without explicitly ruling on his request for additional time under Rule 56(f). While Abuhouran did repeatedly invoke Rule 56(f), he failed to set forth any specific facts in support of his "motion" to justify deferral of the Government's summary judgment motion.[5] Abuhouran's primary rationale was that he had not yet conducted discovery sufficient to support his claims and could not do so until counsel was appointed. Abuhouran initiated the underlying action in October 2006. In December

[5]Abuhouran also failed to file an affidavit, as required by the Rule. See Fed. R. Civ. P. 56(f); Dowling v. City of Philadelphia, 855 F.2d 136, 140-41 (3d Cir. 1988).

2007, the Court ordered that all discovery be completed by January 2008. Abuhouran objected to the Government's original motion for summary judgment in May 2008 and to its renewed summary judgment motion in November 2008, arguing that he had not yet been able to complete discovery or take any depositions. During this time, Abuhouran did not identify any expert witnesses who would testify about the shortcomings of the ventilation system, nor did he evidence an intent to take his expert's or anyone else's deposition.

The fact that Abuhouran did not have counsel or was unable to pay an expert witness cannot justify his inaction. Even if the Court had granted his request for the appointment of counsel, Abuhouran would still have had the burden of identifying and hiring an expert on his own. The in forma pauperis statute, 28 U.S.C. § 1915, makes no provision for litigation expenses other than the reproduction of the record and transcripts. See 28 U.S.C. § 1915(c); see also Tabron, 6 F.3d at 158-59. The record reflects no steps on the part of Abuhouran prior to the District Court's entry of judgment to locate or obtain affidavits from any expert witnesses or to conduct depositions, either orally or in writing. Accordingly, we conclude that the District Court acted within its discretion in entering summary judgment based on the current record. See Dowling v. City of Philadelphia, 855 F.2d 136, 140-41 (3d Cir. 1988) (holding that, in light of appellant's "failure to pursue available discovery avenues, and of her failure to comply with Rule 56(f), we conclude that the district court acted within the permissible bounds of its

discretion when it ruled on the City's summary judgment motion on the record before it").

Finally, Abuhouran argues that the District Court erred in concluding that he failed to demonstrate either actual injury or a causal connection between exposure to ETS and his alleged injury. See Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998) (explaining that, to establish a cause of action in negligence, "plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage"). Setting aside the parties' factual disputes regarding Abuhouran's medical condition, what treatment he sought at FDC-Philadelphia, and what the medical records reflect, Abuhouran has at no time adduced any evidence to support his claim that the ventilation system at FDC-Philadelphia was inadequate. Because Abuhouran, as the non-moving party, is unable to show the existence of an element on which he would bear the burden of proof at trial – here, that the ventilation system was inadequate – "summary judgment is proper as such a failure 'necessarily renders all other facts immaterial.'" Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). While Abuhouran criticizes the qualifications of Facilities Manager Timothy Kavelak, who provided the Government's affidavit regarding the climate control system used at FDC-Philadelphia, he has offered no substantive proof regarding the efficacy of that system himself. Because he would bear the burden of proving this inadequacy at trial, this failure is fatal to his negligence claim. We therefore

need not reach the questions whether Abuhouran has demonstrated an actual injury or that such an injury was caused by the actions of the United States.

Based on the foregoing, we will affirm the judgment of the District Court.

`